TEXTO COMPLETO DE LA RESOLUCION
I
Se cuestiona la resolución emitida el 15 de marzo de 1995 por el Tribunal de Primera Instancia (Arecibo), certificando el pleito como uno de clase, conforme a lo .dispuesto en la Regla 20 de las de Procedimiento Civil.
*1008 II
El caso de marras, que se contrae a hechos ocurridos a fines de 1991 y durante los años 1992 y 1993, trata sobre una demanda de daños instada por 50 agricultores dedicados a la siembra de café, contra el Departamento de Agricultura y la Administración de Servicios \ Agrícolas. Alegan los demandantes, un grupo de agricultores dedicados a la siembra de café, que el Departamento y la Administración, promovieron la compra y siembra de dos selecciones de café denominadas Catimor T-5175 Y T-8687, procedente de Costa Rica, nunca antes utilizadas en Puerto Rico. Sostienen que la referida variedad vendida resultó improductiva, de poco rendimiento, contrario a las promesas que le había hecho el E.L.A.
A solicitud de los demandantes, el 25 de enero de 1995 fue celebrada una vista, luego de lo cual éstos obtuvieron la certificación del pleito como uno de clase. La resolución de Instancia estuvo predicada en que aproximadamente 800 agricultores se hayan en similar situación. La única evidencia presentada ante el Tribunal fue una carta del actual Secretario de Agricultura a la Presidenta de la Cámara de Representantes del 3 de septiembre de 1993.
El E.L.A., representado por el Procurador General, presentó petición de Certiorari, no sin antes haber solicitado reconsideración de la resolución, petición que no prosperó.
Se imputa al foro de Instancia la supuesta comisión de dos errores, a saber:

"1. Erró el Honorable Tribunal de Primera Instancia al certificar la presente acción como un pleito de clase.

2. Erró el Honorable Tribunal de Primera Instancia al admitir en evidencia prueba de referencia debidamente objetada."

Respecto al segundo error, basta con señalar que habiendo admitido el Estado la autenticidad de la carta del Secretario de Agricultura y su contenido, la misma fue propiamente admitida como admisión de parte. Aparece en los autos del caso un Requerimiento de Admisiones dirigido al E.L.A. cuya contestación fuera suscrita por el propio Secretario de Agricultura.
La inadmisibilidad de prueba de referencia está predicada en dos aspectos fundamentales: la oportunidad de contrainterrogar al declarante y la carencia de confiabilidad de la aseveración. Chiesa, Práctica Procesal Puertorriqueña, Publicaciones JTS, pág. 284, et. seq. Ambos aspectos están ajenos a esta controversia, pues no puede decirse que el declarante, el Secretario de Agricultura, no estuviera a disposición del E.L.A. para cualquier aclaración que hubiere querido hacer al contenido de la carta.
III
Los perfiles históricos del pleito de clase fueron trazados en Cuadrado Carrión v. Romero Barceló, 120 D.P.R. 434 (1988) y allí, como en Rivera Castillo v. Municipio de San Juan, 92 JTS 70, 131 D.P.R._(1992), se discutieron los requisitos que hacen posible la tramitación de una acción como pleito de clase. Regla 20 de las de Procedimiento Civil.
La Regla 20.1 establece los cuatro requisitos necesarios para que pueda tramitarse un pleito de clase, a saber:

("1) que la clase sea tan numerosa que la acumulación de todos sea impracticable.

(2) que existan cuestiones de hecho o de derecho comunes a la clase.

(3) que las reclamaciones de los representantes fueran típicas de la clase.

*1009
(4) que los representantes protejan los intereses de la clase de manera justa y adecuada."

Pasada esta etapa, se exige de los proponentes de la clase que demuestren que cumplen con al menos uno de los incisos de la Regla 20.2.
El primero de los requisitos (numerosidad de la alegada clase) busca determinar si su acumulación crearía inconvenientes u obstáculos para la tramitación del caso. En este caso, este elemento no amerita mayor consideración, pues surge claramente de la carta mencionada, que la selección Catimor T-5175 fue distribuida a 92 agricultores y la selección Catimor T-8667 fue distribuida a 786 agricultores.
El segundo requisito es el de comunidad, esto es, que todas las cuestiones de hecho o de derecho sean comunes a todos los miembros de la clase. El E.L.A. basa su argumento de ausencia de comunidad en que existen diferencias entre los miembros de la clase en cuanto al rendimiento del café pues, como sostiene el Secretario en su carta, "la condición de grano negro es de naturaleza fisiológica y se ve afectada por condiciones climáticas, geográficas, fertilización y otras prácticas de manejo". En fin, señala que existen infinidad de variables a considerarse al adjudicarse la controversia. Los demandantes, por otro lado señalan que, según la carta, el Secretario recomienda la destrucción de todas las siembras para resolver el problema del Catimor y que todo sucedió al inducir e incentivar de igual modo a todos estos agricultores a sembrar Catimor.
El tercer elemento es la tipicidad de las reclamaciones o defensas; que exista relación entre las reclamaciones y defensas de los demandantes y la clase que pretenden representar. Esto es, que cuando los representantes de la clase defienden sus intereses están a su vez defendiendo los intereses de la clase. El Estado señala que las mismas diferencias que impiden la existencia del requisito de comunidad hacen atípicas las reclamaciones. Los demandantes igualmente señalan que tanto ellos como la clase que pretenden representar están en idéntica situación pues, alegan, que de la carta se desprende que todos fueron afectados al sembrar Catimor.
El cuarto requisito, el de adecuada representación, a su vez se subdivide en la ausencia de conflicto entre los miembros de la clase y las garantías de litigación agresiva. Los demandantes descansan en que supuestamente no existe prueba real y genuina tanto de conflicto dentro de la clase como de la capacidad como litigante de su representación legal. Por su parte, el E.L.A. alega que los demandantes no probaron la ausencia de conflicto entre los miembros de la propuesta clase, específicamente arguyendo que el peso de la prueba la tenían los demandantes.
El Tribunal de Instancia determinó como aplicable el inciso c de la Regla 20.2; esto es, "que las cuestiones de hechos o de derecho comunes a los miembros de la clase predominan sobre cualesquiera cuestiones que afecten solamente a miembros individuales..." El Estado descansa su argumentación en que cada agricultor debe demostrar, mediante prueba fehaciente, el supuesto daño que sufrieron y que se debió a la negligencia del Departamento de Agricultura. Los demandantes por su parte señalan que lo importante es que haya una cuestión común predominante, aun cuando el caso envuelva numerosas cuestiones individuales. Al respecto, entendemos nosostros que las únicas cuestiones individuales surgirán necesariamente al determinarse los daños de cada agricultor, pero todo lo demás es común a la clase.
Opinamos que han sido satisfechos claramente todos los requisitos para que prospere la petición de certificación de una clase. Los requisitos de comunidad y tipicidad pueden presentar alguna confusión en tanto y en cuanto tienden a demostrar posibles diferencias entre los miembros de la clase. Sin embargo, no podemos sostener que esta "posibilidad" es *1010 suficiente para derrotar la clase. Debemos tener en cuenta que, aun con estas diferencias, existe amplia comunidad de hechos y de derecho que definitivamente predominan sobre cualquier posible diferencia que pueda existir dentro de la clase.
Debemos señalar, por último, que aunque se trata tan sólo de una pieza de evidencia, la carta del Secretario es suficiente para establecer la clase. Esta carta describe cómo, sin haberse realizado las evaluaciones pertinentes sobre producción, resistencia a enfermedades y adaptabilidad, se introdujeron y distribuyeron .a los agricultores dos selecciones de café. Señala que el vivero de un ex Secretario de Agricultura distribuyó 279,550 arbolitos de café Catimor T-5175, quiénes sembraron en un cuerdaje de 155 cuerdas de terreno y Catimor T-8667 a otros 786 agricultores cuya siembra ocupa 845 cuerdas.
Es evidente pues, y así señalamos, que se ha hecho una demostración razonable de la existencia de la clase y que el pleito puede prosperar como acción de clase.
Por los fundamentos vertidos en ésta, se deniega la-expedición del recurso solicitado.
Lo acordó el Tribunal y lo certifica la Secretaria General.
María de la C. González Cruz
Secretaria General